## LUTHER VANNORT V. THE STATE.

### No. 273.   Decided January 12, 1910.

**Local Option—Sale—Evidence—Other Transactions—Charge of Court.**

Where, upon trial of a violation of the local option law, it became a question whether the alleged sale of whisky was, in fact, a sale made by the defendant, and the State, in order to show the identity of the offense, system and intent, introduced testimony as to another whisky transaction in which defendant was engaged, but such transaction consisted simply in the fact that the defendant and the State's witness had clubbed together and ordered some whisky, and upon its arrival divided the same between themselves, the same was not an offense, and therefore could shed no light on the alleged sale, and was inadmissible; and the court erred in submitting a charge thereon.

Appeal from the County Court of Mills. Tried below before the Hon. L. E. Patterson.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $20 and twenty days confinement in the county jail.

The opinion states the case.

No brief on file for appellant.

*John A. Mobley,* Assistant Attorney-General, for the State.

McCORD, Judge.—This is an appeal from a conviction for a violation of the local option law, resulting in a conviction of appellant in the court below with a penalty of $20 fine and twenty days imprisonment in the county jail. On the trial of the case in the court below the witness Dick Brinson took the stand and testified that he gave the appellant $1.25 and told him to get him, witness, some whisky; that appellant went off and returned shortly and brought him a bottle of whisky; that this occurred in Mills County, on the 16th day of December, 1907. The State further proved that the local option law was in force in said county. Here the State rested and appellant took the stand in his own behalf and stated that what the witness Brinson had testified was correct, and that he took the money and went to a whisky peddler, who was in his, appellant's horse lot the day before, and who told him he had whisky to sell, and from him purchased the quart of whisky, and that he took the said quart of whisky and returned and gave it to the said State's witness Brinson; that the man from whom he procured the whisky was a small, dark-complected fellow; that he, appellant, did not know his name, nor did he ask him his name, and that he had not heard of nor seen the party from that day until this. The State then recalled Dick Brinson, and over the objection of the appellant the witness Brinson was permitted to testify that a few days after the above transaction he met the appellant about the postoffice in Goldthwaite, and either he asked the appellant or the appellant asked him, witness, if he was going to order some whisky; that the witness told him that he had no money to order with but would like to order some. Appellant said that he was going to order some for himself and the witness told the appellant he wanted to go in on the order and that afternoon the witness paid the appellant seventy cents to go in on the order and still owed him a nickel, and on that night after the train arrived the witness met appellant near the blacksmith shop and appellant told him he had the whisky; that it was in a quart bottle, and the witness accompanied appellant to his home and appellant procured a bottle and they divided the whisky. A bill of exceptions was reserved to this testimony. The court in his charge to the jury, among other things, charged them as follows: "You are further charged that you can only consider the evidence of the second whisky transaction testified to by the witness W. L. Brinson for the purpose of shedding light, if any it does, on the first whisky transaction testified to by said witness, that is, the transaction involving a quart of whisky on which the State relies for conviction. The said transaction involv-

ing a half a quart of whisky only being admitted for your consideration to be considered by you, together with the other facts on the question as to whether the said quart transaction was a sale or simply a purchase by defendant from another of said quart of whisky as agent for the said witness." It has been held that in order to establish the identity of an offense the system by which the offense is committed or the intent of the party, the State may be permitted to introduce testimony of extraneous crime; and where the testimony shows a peculiar method of committing the crime, it is always admissible to introduce extraneous crimes that are committed in the same way by the same party. And whenever the intent of the party is left in doubt, extraneous crimes may be introduced to develop the intent. But we are confronted with a more serious question than that in this case, and that is, whether the transaction mentioned in the bill of exceptions and the charge above quoted in regard to the appellant and the State's witness ordering some whisky, was an offense or not. We are of opinion that the facts, as stated by the witness, did not constitute an offense, and, therefore, if they did not constitute an offense it could not illustrate any part of the transaction under investigation, and we hold that the court erred in permitting the testimony to go to the jury and also erred in the charge which was given to the jury as quoted above.

For the errors above indicated, the judgment is reversed and the cause is remanded.

*Reversed and remanded.*